IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                           1:05-cr-135-WSD

THOMAS BROOME, et al.,

              Defendants.

### ORDER

This matter is before the Court on the Government's Motion in Limine[1] [72] ("Govt.'s Mot."), Defendant Broome's Response in Opposition to the Government's Motion in Limine [75], Defendant Broome's Motion for a Hearing Pursuant to Jackson v. Denno ("Def.'s Mot. for Hearing") [113] and the Government's Response to Defendant Broome's Motion for Evidentiary Hearing [116].

*Background*

---

[1] The Court has considered the motion as one in which the Government provides notice pursuant to Federal Rule of Evidence 404(b) of its intention to give "reasonable notice in advance of trial, . . . of the general nature of . . . evidence it intends to introduce at trial." Because Defendant Broome was likely to object to this evidence, the Court generally considers the motion as the parties' request that the Court rule on the introduction of the evidence at issue in advance of trial.

Defendant Thomas Broome ("Broome") has been indicted for alleged trafficking in cocaine. The indictment is based on an incident on March 2, 2005. Broome was piloting an aircraft which federal law enforcement officials suspected was carrying cocaine. When the plane landed in Arkansas to refuel, federal agents approached Broome and questioned him regarding the purpose of his flight. Ultimately, a search of the aircraft revealed the plane was carrying 65 kilograms of cocaine. Broome agreed to cooperate. He advised the investigating agents that he was transporting the drugs at the request of "Alex" in Los Angeles, California, and that he had made other flights at Alex's request. These flights terminated in Atlanta, where Broome either left the drugs on the aircraft or met co-defendant Nathan Grier to deliver the drugs to him. "Alex" was later identified as Alejandro Maciel.

## *The 404(b) Evidence*

The Government seeks to introduce at trial evidence of an incident that occurred in Texas on June 25, 1994 (the "1994 incident"). The Government describes the incident as follows:

> On June 25, 1994, Customs agents responded to a request for assistance at the Midland Airport in Midland, Texas. A search of the aircraft resulted in the seizure of approximately $146,000. Broome was the plane's pilot. Interestingly, Alejandro Maciel or "Alex" was the plane's only passenger

> at the time. Both Maciel and Broome denied ownership of the money hidden in the small plane, although Maciel did admit he placed the money on the plane for someone who lived in Mexico.

(Govt.'s Mot. at 3.) The Government seeks to introduce evidence of the 1994 incident to (i) discredit that Broome was "surprised" when agents found cocaine on the plane he was piloting on March 2, 2005; (ii) show Broome's continuing relationship with "Alex," the source of the drugs; and (iii) show the absence of mistake or accident (that the drugs were on the plane). Defendant objects to the introduction of evidence of the 1994 incident, arguing that it does not meet the criteria for admissibility under Federal Rule of Evidence 404(b).

*Discussion*

Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident.

Fed. R. Evid. 404(b). The evidence must, in this circuit, meet a three-part admissibility test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof so that a jury could find

3

that the defendant committed the extrinsic act; and (3) the evidence must pass the balancing test of Rule 403.  United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996).

The Government claims this test is met because the evidence regarding the 1994 incident shows Broome's intent, state of mind, and knowledge of the narcotics charged in the Indictment and thus the evidence "is directly relevant as it shows a continuing relationship between Broome and the source of the narcotics" and "shows that Broome did not wander into the drug conspiracy by mistake or accident."  (Govt.'s Mot. at 5.)  The Government further argues that the evidence is sufficient for a jury to find Broome committed the extrinsic acts, and that introduction of the evidence will not "inflame the passions of the jury," and thus meets the balancing test under Rule 403.  (Id. at 7.)

The Court concludes that the Government has not shown that the 1994 evidence is admissible under the three-part test utilized in this circuit.  The Government's relevancy argument is not compelling.  The Government argues that admission of 404(b) evidence is permissible where a defendant disclaims he has the requisite intent to commit an offense.  (See Govt.'s Mot. at 5) (citing United States v. Matthews, 411 F.3d 1210, 1224-1228 (11th Cir. 2005), vacated by 431 F.3d

1296 (11th Cir. 2005), <u>United States v. Diaz-Lizaraza</u>, 981 F.2d 1216, 1224-26 (11th Cir. 1993). The Court acknowledges extrinsic evidence may be introduced to discredit a defendant's alleged lack of intent. Here, however, the Government fails to show how evidence of the 1994 incident discredits Broome's expected claim he lacked the intent to possess narcotics on March 3, 2005, or that it was not an accident that he did so.

In addition, this case is unlike the cases cited by the Government where extrinsic evidence of drug possession was permitted to be introduced in connection with a charge of firearms possession. In those cases, such as <u>United States v. Thomas</u>, 242 F.3d 1028 (11th Cir. 2001), this and others circuits have allowed extrinsic evidence of a defendant's possession of illegal drugs in firearm offense prosecutions because of the close connection between drug and gun offenses. <u>See, e.g.</u>, <u>Thomas</u>, 242 F.3d at 1031-1033. The Government fails to make a similar connection between the 1994 incident and the conduct alleged here. First, unlike the possession of drugs, it is not illegal to possess United States currency -- there must be some other conduct in relation to the currency that makes possession of it illegal. That has not been shown here with respect to the 1994 incident.

Further, the Government also has not shown that the currency either was

knowingly possessed by Broome in the 1994 incident, and, even if it was, for what reason such possession was illegal or even improper. That is, the Government has not offered sufficient proof that a jury could find that the defendant committed ( or even aided, abetted or assisted in the commission of) the extrinsic act sought to be admitted, the second requirement of the three-part test for admissibility for 404(b) evidence. See United States v. Heath, 188 F.3d 916, 920-23 (7th Cir. 1999) (holding that district court abused its discretion in admitting 404(b) evidence of prior alleged drug trafficking because the government failed to establish that a jury reasonably could find that the defendant's prior conduct constituted aiding and abetting drug trafficking; being in association with another who has committed extrinsic act is not enough).

Finally, the Court finds, based on the record and argument presented, that the Government has failed to meet the third-part of the test of admissibility of 404(b) evidence. The incident for which the Government seeks to present evidence occurred more than ten (10) years before the conduct for which Broome was indicted. This lack of temporal proximity, the speculative connection between the cash and Broome, and the Government's weak relevancy argument, urges this Court to conclude that the probative value of evidence of the 1994 incident is far

outweighed by its prejudicial effect. Evidence of the 1994 incident is therefore excluded.

*Broome's Motion for Jackson v. Denno Hearing*

In Jackson v. Denno, 378 U.S. 368 (1964), the Supreme Court recognized the fundamental constitutional issue presented by the introduction of an involuntary confession at a criminal trial. To address this concern, the Court provided that "a defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined." Jackson, 378 U.S. at 380. Based on this authority, Broome "requests a hearing to determine the facts and voluntariness of any alleged confessions or statements by him." (Def.'s Mot. for Hearing at 2-3.) Specifically, Broome represents that the Government "intends to introduce an alleged statement by [him]. . . made during a proffer session," and he requests a hearing to determine if the comment is admissible.[2] (Def.'s Mot. for Hearing at 3.) Broome claims that because the Drug Enforcement Administration ("DEA") agent who was present at the proffer did not refer to the comment in his notes of the

---

[2] Defendant does not provide any information about the nature of the comment made.

proffer session, and was reminded of it by the Assistant United States Attorney who conducted the proffer session, an attempt to introduce the comment presents "a unique evidentiary issue" which should be addressed at a <u>Jackson v. Denno</u> hearing.[3]  (<u>Id.</u>)

The Government opposes the hearing.  Like Broome, it does not specify the statements that it apparently understands are at issue; rather, the Government argues generally that Broome entered into a proffer agreement, that it does not intend to use any statement made by him in its case in chief, but that

> [i]n the event [Broome] offers testimony, evidence or
> argument at any stage of the proceeding that suggests
> he did not know there were drugs in the plane,
> the Government intends to call as a witness at trial a
> witness who heard [Broome] make these incriminating
> admissions.

(Govt.'s Resp. to Mot. for Hearing at 3.)  The Government argues further that any effort to prohibit the use of a statement taken at the proffer session would be a violation of Broome's proffer agreement and thus it is premature to determine if the

---

[3] Broome appears to argue that because the DEA agent had to have his memory of the comment refreshed, the comment is not admissible.

8

agreement has been violated.[4]  (Id. at 4.)

The parties are vague and circumspect about the alleged statements made by Broome that are at issue here. The "comment" that apparently was made at the proffer session and which may or may not be used by the Government at trial has not been specified. Neither party has described any other "alleged confession or statement by Mr. Broome" which would be the subject of a Jackson v. Denno hearing. There simply is insufficient information before the Court for it to evaluate whether a hearing is in order or what would be considered if one were conducted.

Accordingly, the motion for hearing currently is **DENIED**. If the Court is provided further information about the statements or "comments" at issue, the

---

[4] It seems to the Court that Broome is at least suggesting, if not outright claiming, the proffer comment is not admissible and wants the Court to conduct a hearing to make that determination.

circumstances under which they were made, and whether the Government intends to introduce them at trial, the Court will consider whether a hearing is necessary.

**SO ORDERED**, this 24rd day of February, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE